IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAIWEI ZHOU, *Plaintiff*, v. THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", *Defendants*. | No. 23-cv-00327 Judge John F. Kness |

**FINAL JUDGMENT ORDER**

IT IS ORDERED THAT judgment is entered in favor of Plaintiff Kaiwei Zhou and against Defendant OPTATO ("Defaulting Defendant"). Defaulting Defendant has sold products that infringe Plaintiff's patented design, U.S. Patent No. D972,860 ("D'860 Patent") to residents of Illinois. Defaulting Defendant is liable for design patent infringement under 35 U.S.C. § 271.

IT IS FURTHER ORDERED that:

1. Defaulting Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

  a. manufacturing, importing, distributing, offering for sale, or selling any infringing products, *i.e.*, the shower caddy as identified in the Complaint and any colorable variations thereof ("Infringing Products");

  b. further infringing the D'860 Patent and damaging Plaintiff's intellectual property rights;

  c. otherwise competing unfairly with Plaintiff in any manner;

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products;

  e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendant could continue to sell the Infringing Products; and

  f. operating and/or hosting any website or marketplace account for or on behalf of Defaulting Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of the Infringing Products.

  2. Defaulting Defendant and any third parties with actual notice of this Order who are providing services for any of the Defaulting Defendant, or in connection with any of the Defaulting Defendant's Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com and Dhgate (collectively, Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

  a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendant could continue to sell infringing goods; and

  b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products.

  3. Upon Plaintiff's request, those with notice of this Order, including the Third Party

Providers as defined in Paragraph 5, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of Infringing Products.

4. Under 35 U.S.C. §§ 284 and 289, Plaintiff is awarded damages from the Defaulting Defendant in the amount detailed below, totaling $70.41, for design patent infringement on products sold through at least the Defendant Internet Stores.

| Store Name | ID | Gross Revenue | Frozen/Admitted Profits |
|---|---|---|---|
| OPTATO | A2N4EHP4QHQJ6U | $ 6,684.2 | $ 70.41 |

5. Any Third Party Providers holding funds for Defaulting Defendant, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant or the Defendant Internet Stores from transferring or disposing of any funds (up to the damages awarded in Paragraph 4 above) or other of Defaulting Defendant's assets.

6. All monies (up to the amount of the damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to Plaintiff the amount from Defaulting Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings

under Federal Rule of Civil Procedure 69.

8. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendant, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by e-mail at the e-mail addresses provided for Defaulting Defendant by third parties.

9. The clerk of the court is ordered to release the bond previously posted in this action to Plaintiff.

**This is a Final Judgment**.

SO ORDERED in No. 23-cv-00327.

Date: September 7, 2023

_____
JOHN F. KNESS
United States District Judge